IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## STATE OF TENNESSEE v. STEVE BRIAN HANNAH

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-14637, 14638, 14639      D. Kelly Thomas, Jr., Judge**

_____

**No. E2004-00583-CCA-R3-CD - Filed May 16, 2005**

_____

The appellant, Steve Brian Hannah, pled guilty in the Blount County Circuit Court to one count of theft of property over $10,000, three counts of theft of property over $1,000, and one count of possession of marijuana with intent to resell. Pursuant to the plea agreement, the appellant received an effective five-year sentence with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court ordered the appellant to serve one year in confinement and the remainder of his sentence on community corrections. On appeal, the appellant claims the trial court erred by refusing to grant his request for full probation. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court but remand for entry of corrected judgments as to the thefts.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Steve McEwen (on appeal), Mountain City, Tennessee, and Mack Garner (at trial), District Public Defender, Maryville, Tennessee, for the appellant, Steve Brian Hannah.

Paul G. Summers, Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Robert C. Sawyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.  Factual Background

On January 12, 2004, the appellant pled guilty to theft of property over $10,000; three counts of theft of property over $1,000; and one count of possession of marijuana with intent to resell. Pursuant to the plea agreement, the appellant received an effective five-year sentence with the

manner of service to be determined by the trial court. The state did not present any facts at the guilty plea hearing.[1] However, according to the appellant's presence report, on April 26, 2002, a police officer saw a black pickup truck driven by the appellant veer from the right lane to the left lane on Alcoa Highway. The officer stopped the appellant and arrested him for driving without a license. While searching the appellant's truck, the officer found a plastic bag containing marijuana. According to the appellant's indictments for theft, in August 2002, he stole a motor vehicle and a tow dolly from U-Haul and three motor vehicles from individuals.

At the sentencing hearing, the then twenty-five-year-old appellant testified that he was separated from his wife and lived with his girlfriend and their young child. The appellant was working in construction and had always held a job. When the appellant was fourteen years old, he was diagnosed as bipolar and manic depressive. Although medication had been prescribed, he stopped taking the medication because of its side effects. The appellant testified that his mother died when he was in the eleventh grade and that he dropped out of school in order to get a job and support his brother and sister. At the time of the sentencing hearing, the appellant was seeing a psychiatrist at Peninsula Hospital and was being treated for anxiety attacks and anger problems.

The appellant testified that he was guilty of most of the charges against him but denied stealing any property. He maintained that his friend David Mahan stole the property and that Mahan asked the appellant if he knew anyone who wanted to buy the stolen items. The appellant introduced his father to Mahan in March 2002, and his father bought some of the stolen property. The appellant's father lived in Missouri, and the appellant was in the process of transporting three four-wheelers, a dirt bike, and a welder to his father when he was stopped by the Missouri police for "suspicious activity." He stated that he was driving a U-Haul, that he knew the items in the U-Haul were stolen, and that he gave the Missouri police his brother's name because he did not have a driver's license. The appellant pled guilty to forgery in Missouri and returned to Tennessee to face theft charges.

The appellant testified that he no longer had contact with his father or Mahan and that he would testify against Mahan if Mahan were charged with a crime. He related that he had smoked marijuana since he was a teenager and that he was using marijuana daily at the time of the thefts. He said that he had stopped using the drug because of his children, that he had not used marijuana in at least eight months, and that he could pass a drug test. He also told the trial court that he could stay out of trouble, that he would not commit anymore thefts, and that he was sorry for what he had done. On cross-examination, the appellant testified that he had tried other drugs such as ecstacy and cocaine but that he did not drink alcohol.

According to the appellant's presentence report, the appellant has five children and has never obtained his GED. The report shows that the appellant was working full time for Moss Brothers Construction Company and part time for DC Plumbing. The report reveals that the appellant has

---

[1]The appellant stipulated that the State's evidence would establish the facts set out in the indictments.

three prior convictions for forgery in Missouri and prior convictions for theft of property less than $500, possession of drug paraphernalia, driving without a license, and a traffic offense.

In denying the appellant's request for full probation and ordering split confinement, the trial court stated that it had considered the appellant's testimony, his presentence report, and a victim impact statement. It noted that the appellant had a long history of criminal activity, including illegal drug use. Although the trial court noted that the appellant was employed and was making some effort to support his children, it held that a lack of confinement would depreciate the seriousness of the offenses.

## II. Analysis

The appellant contends that the trial court erred by denying his request for full probation. He argues that he should have received full probation because he has maintained steady employment, quit school in order to support his brother and sister, and suffers from bipolar disorder and manic-depressive illness. In addition, he claims that the trial court failed to consider enhancement and mitigating factors and that the following mitigating factors support his request for full probation: (1) that his "criminal conduct neither caused nor threatened serious bodily injury"; (2) that he gave information to the police about the thefts; and (3) that he expressed remorse for the crimes. See Tenn. Code Ann. § 40-35-113(1), (10), (13). The State argues that the trial court properly sentenced the appellant. We agree with the State.

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellants in their own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

An appellant is eligible for alternative sentencing if the sentence actually imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). In the instant case, the appellant is a Range I, standard offender convicted of a Class C felony (theft of property over $10,000), three Class D felonies (theft of property over $1,000); and a Class E felony (possession of marijuana). Therefore, he is presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. §§ 39-13-102(a)(2) and (d)(1), -213(a)(1) and (b). However, this presumption may

be rebutted by "'evidence to the contrary.'" <u>State v. Zeolia</u>, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) (quoting Tenn. Code Ann. § 40-35-102(6)). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

<u>Zeolia</u>, 928 S.W.2d at 461.

We conclude that the trial court did not err by requiring the appellant to serve one year in confinement. The appellant has a significant history of illegal drug use and has many prior misdemeanor convictions. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(A). We do not agree that the facts of this case warranted a finding that confinement was needed to avoid depreciating the seriousness of the offenses. <u>See</u> <u>Zeolia</u>, 928 S.W.2d at 462 (stating that in denying full probation to avoid depreciating the seriousness of the offense, the criminal act should be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree). Nevertheless, based upon our de novo review, we conclude that the appellant's seven prior convictions and illegal drug use justified the trial court's denial of full probation.

Finding no reversible error, we affirm the judgments of the trial court. However, we remand the case for entry of corrected judgments as to the theft convictions to reflect that upon the appellant's serving his sentences in confinement, he is to serve the remainder of his sentences on community corrections, not probation.

_____
NORMA McGEE OGLE, JUDGE

-4-